[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose birth name was Karen Pomeroy, married the defendant, Robert Repko, in Brookfield, Connecticut, on July 2, 1983. Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both are issue and are minors to wit: Robert Repko, born August 23, 1986; and Ashley Repko, born May 20, 1988.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect for any reconciliation and a decree of dissolution is entered.
This is a marriage of ten and one-half (10-1/2) years, although the parties have only lived together for slightly over nine (9) years, having separated in September, 1992.
The husband is thirty-seven (37) years of age and the wife is thirty-five (35). Both are apparently in good health and both are gainfully employed. The court, finds that the husband's present average weekly gross earnings are $585 with a net of approximately $435. The wife's present net income is $208, based on a twenty-six (26) hour work week.
At the conclusion of the trial, the court recited its opinion as to the cause of the breakdown of the marriage and its concern with the testimony of the husband in this regard. It is not necessary at this time to repeat its concerns. Suffice it to say that the court reiterates its opinion that the behavior of the husband was the primary cause for the breakdown.
The court makes these further findings: CT Page 1050
1. The primary care giver for the children was the plaintiff mother.
2. The marital home has a fair market value of approximately $940,000 and the lot adjacent to it has a fair market value of approximately $30,000.
3. The husband entered the marriage with $15,000.
The court is especially concerned with the status of the "lot." It cannot with any degree of certainty, conclude that it is a "buildable lot" if, in fact, a merger of title has not occurred thereby destroying the "non-conforming pre-existing" character of said lot. Because of these uncertainties, the court feels that it should not order separate ownerships of these parcels of land and will fashion its order to hopefully prevent any problems arising in the future. The dearth of testimony concerning the title, status, etc., of the lot, leaves the court in the dark.
Having considered all of the evidence and having further considered the mandates of Connecticut General Statutes, Secs.46b-81, 46b-82 and 46b-83, the court further orders as follows:
1. The parties shall have joint custody of the minor children. Primary residence of the children shall be that of the wife. The wife will not move the residence of the children outside of the Judicial District of Danbury without first giving the husband ninety (90) days written notice in advance of her intention to do so. The husband shall have reasonable, liberal and flexible rights of visitation as follows:
 (a) every Wednesday evening after school to 8:00 p. m.;
 (b) commencing January 1 through June 30, alternate Saturdays from 10 a.m. to Sunday at 8 p. m.;
 (c) commencing July 1 through December 31, alternate Fridays from after school (10 a.m. during the summer) to Saturday night at 8 p. m.; CT Page 1051
 (d) Christmas Eve between the hours of 10 a.m. and 10 p. m. shall belong to the husband and Christmas Day shall always belong to the wife;
 (e) Thanksgiving shall be alternated, with 1994 to the wife;
 (f) such other visitation as the parties can agree upon.
2. The husband shall pay to the wife the sum of $85 per week per child, which sum is in accordance with the Connecticut Child Support Guidelines.
3. The husband shall pay to the wife, as periodic alimony, the sum of $40 per week until the happening of the first of the following events:
(a) death of either party;
(b) remarriage by the wife;
(c) cohabitation by the wife;
(d) five years from the date herein.
4. The husband shall maintain, for the benefit of the minor children, the medical insurance now in force or as may, from time to time, be available through his employment. All unreimbursed medical or dental expenses shall be shared equally by the parties. These orders are entered in accordance with the provisions of Connecticut General Statutes, Sec. 46b-84(c).
5. The parties shall, within thirty (30) days of this decree, enroll in a parenting education program as is mandated by statute.
6. The husband shall convey to the wife all of his right, title and interest in the marital home and adjoining lot. She shall execute and deliver to the husband a mortgage deed and note which shall provide, inter alia, the payment to the husband the sum of $30,000 within one hundred twenty (120) days, and the further sum of $25,000 within three (3) years. The husband shall subordinate his mortgage to a bank mortgage CT Page 1052 in an amount not to exceed $55,000 in order to permit the wife to make the initial payment of $30,000 to the husband.
The wife shall be responsible for the payment for all property taxes, both past and future, and shall hold the husband harmless.
7. Except as otherwise provided herein, each of the parties shall be responsible for his or her own liabilities, and each shall be solely responsible for his or her own family debt obligation.
8. The parties shall share the dependency exemption for the minor children, with the husband entitled to claim the children on his 1993 income tax return and on all odd years thereafter.
9. All of the furniture and personal possessions now located in the marital home shall become the property of the wife. Each party shall retain their own motor vehicles and bank accounts. The husband shall retain his union pension benefits.
10. The husband shall, within one hundred twenty (120) days, pay to the wife the sum of $1,000 as an allowance to prosecute.
11. The husband shall name the children as irrevocable beneficiaries on any present life insurance policy for so long as he is obligated to support said children.
12. An immediate wage execution shall issue to secure the payment of child support and alimony provided for in this decree.
13. The husband shall, within one hundred (120) days, pay to the wife the pendente lite arrearage of $1,673.
Mihalakos, J.